**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iSun, Inc., *et al.*,[1] | Case No. 24-11144 (TMH) |
| Debtors. | (Jointly Administered) |
| | RE: D.I. 65 and 183 |

### NOTICE OF SALE BY AUCTION, SALE HEARING, AND DESIGNATION OF STALKING HORSE BIDDER

**PLEASE TAKE NOTICE** that on June 7, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion For Entry Of Orders (A) (I) Approving Bid Procedures In Connection With The Sale Of Substantially All Of The Debtors' Assets, (II) Scheduling An Auction And A Sale Hearing, (III) Approving The Form And Manner Of Notice Thereof, (IV) Authorizing The Debtors To Enter Into The Stalking Horse Agreement, (V) Approving Procedures For The Assumption And Assignment Of Contracts And Leases, And (VI) Granting Related Relief; And (B) (I) Approving The Purchase Agreement; (II)) Approving The Sale Of Substantially All Of The Debtors' Assets Free And Clear; (III) Approving The Assumption And Assignment Of Contracts And Leases; And (IV) Granting Related Relief* [Docket No. 65] (the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**") seeking, among other things, entry of an order (the "**Sale Order**") authorizing and approving: (a) the sale of substantially all of the Debtor's assets (the "**Assets**") free and clear of liens, claims, encumbrances, and other interests, with all such liens, claims, encumbrances, and other interests attaching with the same validity and priority to the sale proceeds, subject to higher or otherwise better offers (the "**Sale**"); and (b) authorizing the assumption and assignment of executory contracts (collectively, the "**Contracts**"). Please note that all capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors are soliciting offers for the purchase of the Assets of the Debtors consistent with the Bid Procedures (the "**Bid Procedures**") approved by the Court by entry of an order on July 10, 2024 [Docket No. 183] (the "**Bid Procedures Order**"). <u>**All interested bidders should carefully read the Bid Procedures and Bid Procedures Order.**</u> To the extent that there are any inconsistencies between this notice and the Bid Procedures or Bid Procedures Order, the Bid Procedures or Bid Procedures Order, as applicable, shall govern in all respects.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, Clean Royalties, LLC ("<u>Clean Royalties</u>") has been designated as the Stalking Horse Bidder pursuant to the Stalking Horse Agreement, dated as of July 9, 2024 (the "<u>Stalking Horse Agreement</u>").

**PLEASE TAKE FURTHER NOTICE** that the Stalking Horse Agreement seeks approval of the sale of substantially all of Debtors' assets (the "<u>Assets</u>") to Clean Royalties LLC, for a cash purchase price of $10,000,000, plus the assumption of material liabilities (the "**Stalking Horse Bid**").

**PLEASE TAKE FURTHER NOTICE** that, consistent with Local Rule 6004-1(b), the Debtor discloses the following terms regarding the Stalking Horse Agreement:

| **Sale to Insider** | The Stalking Horse Bidder is not an "insider" of the Debtors as defined in Section 101(31) of the Bankruptcy Code. |
|---|---|
| **Agreements with Management** | No agreements exist between management and the buyer. |
| **Releases** | The Stalking Horse Agreement does not contain any provisions pursuant to which an entity is being released or claims against any entity are being waived or otherwise satisfied. |
| **Private Sale/No Competitive Bidding** | The Stalking Horse Agreement shall be subject to higher and better offers pursuant to the Bidding Procedures set forth in the Bid Procedures Order, including an Auction scheduled to be conducted by the Sellers.<br><br>See Stalking Horse Agreement § 6.6 |
| **Closing and Other Deadlines** | The Stalking Horse Agreement contains various usual and customary closing conditions, including the requirement that closing occurs within sixty (60) days from closing.<br><br>See Stalking Horse Agreement § 9.1 |
| **Good Faith Deposit** | The Stalking Horse shall be considered a Qualified Bidder and shall not be required to provide a Good Faith Deposit.<br><br>See Bid Procedures Order ¶ 14. |
| **Interim Arrangements with Proposed Buyer** | The Seller has not entered into any interim agreement or arrangements with the Stalking Horse Bidder prior to closing regarding the Assets. |

| | |
|---|---|
| **Use of Proceeds** | The Stalking Horse Agreement does not contain any provision pursuant to which a debtor proposes to release sale proceeds on or after the closing without further Court order, or to provide for a definitive allocation of sale proceeds between or among various sellers or collateral. |
| **Tax Exemption** | The Stalking Horse Agreement does not provide for a tax exemption under section 1146(a) of the Bankruptcy Code. |
| **Record Retention** | The Debtors will retain, or have reasonable access to, its books and records to enable it to administer its bankruptcy case. |
| **Sale of Avoidance Actions** | All Avoidance Actions are being acquired by the Stalking Horse. See Stalking Horse Agreement Schedule 1.1(a) |
| **Requested Findings as to Successor Liability** | The proposed Sale Order will provide that the Stalking Horse shall not be deemed a "successor" in any respect to the Debtors and their estates as a result of the consummation of the sale. |
| **Sale Free and Clear of Unexpired Leases** | The Stalking Horse Agreement does not contemplate any sale free and clear of any unexpired leases. |
| **Credit Bid** | To the fullest extent permissible under Section 363(k) of the Bankruptcy Code and the DIP Orders, the Stalking Horse Bidder may credit bid, in its sole and absolute discretion, any of the DIP Obligations (as defined in the DIP Orders). See Bid Procedures Order ¶ 14. |
| **Relief from Bankruptcy Rule 6004(h)** | The proposed Sale Order will provide that the provisions of Bankruptcy Rules 6004 and 6006, staying the effectiveness of the Proposed Sale Order for fourteen (14) days, are waived, and the Sale Order shall be effective and enforceable upon entry. |
| **No-Shop or No-Solicitation Provisions** | The Stalking Horse Agreement does not include any limitations on the Debtors' ability or right to solicit higher or otherwise better bids. |
| **Break-Up/Topping Fees and Expense Reimbursement** | The Stalking Horse shall be entitled to the following Bid Protections: The Breakup Fee: Equal to $750,000. The Expense Reimbursement: the reasonable, actual and necessary costs and out-of-pocket expenses incurred by Purchaser in connection with its legal, accounting and business due diligence and the preparation and negotiation of this Agreement up to a maximum of $ 250,000 See Stalking Horse Agreement § 9.2. |

| **Bidding Increments** | Each Bid for any of the Purchased Assets (a) must propose a purchase price equal to or greater than the sum of (i) the value of the Stalking Horse Agreement, as determined by the Debtors; plus (ii) the Bid Protections (which shall be deemed to be $630,000 for any initial Overbid); plus (iii) the Minimum Overbid Amount (*i.e.*, $250,000) (items (ii) and (iii) the "**Initial Overbid Amount**", and (b) must obligate the Bidder to pay, to the extent provided in the Stalking Horse Agreement, all amounts which the Stalking Horse Bidder under the Stalking Horse Agreement has agreed to pay, including any Assumed Obligations (as set forth in the Stalking Horse Agreement) *provided* that if the Debtor, in consultation with the Committee and the Prepetition Secured Lender, is considering multiple Bids as a single Qualifying Bid, they must in the aggregate meet the above requirements<br><br>See Bid Procedures B.3.iii.D.<br><br>Successive overbids have a minimum bid increment of $250,000.<br><br>See Bid Procedures C.2.a. |
|---|---|

**PLEASE TAKE FURTHER NOTICE** that, if the Debtors receive qualified competing bids within the requirements and time frame specified by the Bid Procedures, the Debtors will conduct an auction (the "**Auction**") of the Assets on **July 24, 2024, at 10:00 a.m. (ET)** at the offices of Gellert Seitz Busenkell & Brown, LLC, 1201 N. Orange St., 3rd Floor, Wilmington, DE 19801 (or at any other location as the Debtors may hereafter designate on proper notice). The auction will also be held by Zoom.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek approval of the Sale at a hearing scheduled to commence on or before **July 30, 2024 at 2:00 p.m. (ET)** (the "**Sale Hearing**") before the Honorable Thomas M. Horan, United States Bankruptcy Judge for the Bankruptcy Court for the District of Delaware, at Courtroom No. 6, 5th Floor, 824 N. Market St., Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise set forth in the Bid Procedures Order with respect to any objections to proposed cure amounts or the assumption and assignment of Contracts, objections to the relief requested in the Motion ***must***: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received*** by **4:00 p.m. (ET) on or before July 23, 2024,** by the following parties (the "**Notice Parties**"):

| Counsel to the Debtors | Counsel for the Committee |
|---|---|
| Gellert Seitz Busenkell & Brown, LLC<br>1201 N. Orange St.<br>3rd Floor<br>Wilmington, Delaware 19801<br>Attn: Michael Busenkell<br>mbusenkell@gsbblaw.com | Benesch Friedlander Coplan & Aronoff LLP,<br>1313 North Market Street, Suite 1201,<br>Wilmington, DE 19801 6101,<br>Attn: Jennifer Hoover<br>jhoover@beneschlaw.com<br>Kevin Capuzzi<br>kcapuzzi@beneschlaw.com)<br><br>and<br><br>Seward & Kissel LLP,<br>One Battery Park Plaza,<br>New York, NY 10004,<br>Attn: Robert J. Gayda<br>gayda@sewkis.com<br>Catherine V. LoTempio<br>lotempio@sewkis.com |
| **Counsel to the DIP Lender** | **The United States Trustee** |
| Young Conaway Stargatt & Taylor, LLP<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Attn: Ryan M. Bartley<br>RBartley@ycst.com | Office of the United States Trustee for the District of Delaware<br>J. Caleb Boggs Building<br>844 King Street<br>Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: Timothy J. Fox Esq. |

**CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION**

ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE ON OR BEFORE THE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BID PROCEDURES ORDER MAY BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE SALE, INCLUDING WITH RESPECT TO THE TRANSFER OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE APPLICABLE PURCHASE AGREEMENT.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, Bid Procedures, and Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, and additional information are available: (a) upon request to Debtors' counsel or (b) for a fee via PACER by visiting https://ecf.deb.uscourts.gov/.

Dated: July 10, 2024

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Amy D. Brown (DE 4077)
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
      abrown@gsbblaw.com
      mvangorder@gsbblaw.com

*Counsel to the Debtors and Debtors-in-Possession*