**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>iSun, Inc., *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-11144 (TMH) |

**GLOBAL NOTES REGARDING DEBTOR'S SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

    The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "SOFA," and collectively with the Schedules, the "Schedules and Statement") filed by the above-captioned debtor and debtor-in-possession (the "Debtor"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007 by advisors to the Debtor and are unaudited. While the Debtor's advisors and management have made every reasonable effort to ensure that the Schedules and Statement are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to the financial data and other information contained therein. These Global Notes Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statement, and should be referred to and reviewed in connection with any review of the Schedules and Statement.

    On June 3, 2024 (the "Petition Date"), the Debtors filed a Chapter 11 petition in the Bankruptcy Court. Unless otherwise stated, asset and liability information is as of the Petition Date. Prior to the Petition Date, the Debtor suffered from personnel turnover and vacancy in key positions, which means that the Debtor's accounting system and books and records may not be complete and may not have been updated for certain transactions. The Debtor relied upon information derived from its books and supplemented by the records that were available at the time that the Schedules and Statement were prepared. Although the Debtor has made reasonable efforts to ensure the accuracy and completeness of such financial

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statement.

The Debtors and its officers, employees, agents, attorneys and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statement and shall not be liable for any loss or injury arising out of or caused in whole or in part by any act or omission, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained in the Schedules and Statement.

The Schedules and Statement have been signed by an authorized representative of the Debtor. In reviewing and signing the Schedules and Statement, this representative relied upon the efforts, statements and representations of the Debtor's personnel and professionals. The representative has not and could not personally verify the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

1. <u>Basis of Presentation</u>. The Debtor has not prepared detailed financial statements. The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles.

2. <u>Summary of Significant Reporting Policies</u>. The following conventions were adopted by the Debtor in the preparation of the Schedules and Statement:

(a) <u>Book Value</u>. Unless otherwise noted, each asset and liability of the Debtor is shown on the basis of the net book value of the asset or liability in accordance with the Debtor's accounting and/or tax books and records as of the Petition Date, and are not based upon any estimate of their current market values.

(b) <u>Cash.</u> Any cash balances in the Debtor's bank accounts set forth in Schedule B are based on the bank balance as of the Petition Date.

(c) <u>Property and Equipment: Owned</u>. Fixed assets are recorded at net book value. Depreciation is computed using accelerated methods over the estimated useful lives of the respective assets.

(d) <u>Liens and Encumbrances on Assets</u>. In the ordinary course of the Debtor's business, tax liens and other encumbrances (*e.g.*, judgment liens) are occasionally filed against property owned by the Debtor. As of the Petition Date, except as reflected on Schedule D (secured claims) and as discussed below, the Debtor was not aware of any material liens or encumbrances filed against assets directly owned by the Debtor.

(e) <u>Secured Claims</u>. Secured claim amounts have been listed on Schedule D without regard to the value of assets secured thereby. No attempt was made by the Debtor to estimate the fair market value as of the Petition Date of assets pledged

pursuant to any secured obligation. Accordingly, deficiency claims of secured creditors were not listed on Schedule F and such omission is not an admission by the Debtor as to the sufficiency of collateral related to any secured claim listed on Schedule D. In certain instances, the Debtor may be a co-obligor, co-mortgagor or guarantor with respect to a non-Debtor, and no claim set forth on Schedule D of the Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.

(f) <u>Executory Contracts</u>. While every effort has been made to ensure the completeness and accuracy of the listing of executory contracts, inadvertent errors or omissions may have occurred. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Additionally, the Debtor may be party to various other agreements concerning real property, such as easements, rights of way, air rights, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, may not be set forth in Schedule G. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Similarly, the absence of a contract or agreement on Schedule G does not constitute an admission that any other contract or agreement to which the Debtor is a party is not executory. Parties to executory contracts and unexpired leases were not listed on Schedule F, except where past due amounts were recorded in the Debtor's accounts payable. The Debtor has not listed on Schedule F landlords and executory contract counter-parties which may have claims related to contract/lease rejection or other damages.

3. <u>Global Notes Control</u>. In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

SPECIFIC DISCLOSURE WITH RESPECT TO THE SCHEDULES

**Schedule AB – Real and Personal Property**

The Debtors have made reasonable efforts to list all the book value of owned real and personal property assets on Schedules A/B. The Debtors have not performed an independent review of the value of their assets for purposes of these Schedules. The values listed on the Schedules are an estimated view of the net value of all assets.

**Schedule D – Creditors Holding Secured Claims**

The Claims listed on Schedule D may have been incurred on various dates, prior to the Petition Date. The Debtors reserve the right to dispute or challenge the validity, perfection or priority of any lien. The descriptions provided are intended to serve as a summary. By listing a party on Schedule D based on a UCC-1 filing, the Debtors are not conceding that such party actually holds a perfected, unavoidable security interest in the asset that is subject of such filing and reserves all rights as set forth in these Global Notes.

**Schedule E/F – Creditors Holding Unsecured Priority and/or Unsecured Non-Priority Claims**

The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such Claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve their right to dispute the priority status of any Claim on any basis.

The unsecured non-priority Claims of individual creditors for, among other things, products, goods or services are listed as the amounts reflected on the Debtors' books and records and may not reflect credits or allowances due from such Creditors to the Debtors. All Claims listed on Schedule E/F were incurred on various dates and in certain instances, the date may be subject to dispute. While reasonable efforts have been made, determining the date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list respective dates for the Claims.

Accounts Payable amounts listed on Schedule E/F have been assigned to a specific Debtor when possible based on the Debtors' books and records. The Debtors reserve all rights to amend or modify Schedules E/F in respect of, among other things, the specific Debtor listed as liable on a particular obligation.

During the normal course of certain projects, the Debtors have set up Bonded Accounts for its Customers to deposit funds to fund the Debtors' vendors as well as Joint Checking Arrangements ("JCAs"), where certain customers have paid pre-petition invoices directly to Creditors. The Debtors have made reasonable efforts to reconcile all prepetition amounts owed to Creditors based on the Debtors' books and records. The Debtors reserve all rights to amend or modify Schedules E/F in respect of, among other things, the Debtors receiving documentation that prepetition obligations were satisfied directly by Customers or by funds deposited into a Bonded Account.

Schedule E/F includes potential and threatened litigation Claims. Any information contained in Schedule E/F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F all parties to pending litigation listed on Item 7 of the SOFAs as contingent, unliquidated, and disputed Claims, to the extent not already listed on Schedule E/F.

**Schedule G – Unexpired Leases and Executory Contracts**

Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or overinclusion may have occurred in preparing Schedule G. In the ordinary course of business, the Debtors entered into various agreements with customers and vendors, which may include letter agreements, indemnity agreements, supplemental agreements, and confidentiality agreements that may not be set forth in Schedule G. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Likewise, the listing of an agreement on Schedule G does not constitute the admission that such an agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the applicable Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, change orders, and other documents that may not be listed on Schedule G.

SPECIFIC DISCLOSURES WITH RESPECT TO THE STATEMENTS

**Statement Question 1 – Gross Revenue from Business**

Gross revenue is reported on the SOFAs in a manner consistent with the Company's public financial filings.

**Statement Question 2 – Non-business Revenue**

In 2022, SolarCommunities, Inc. ("SunCommon") had non-business revenue related to its recognition of its PPP Loan Forgiveness. Also, SunCommon received a Grant for an EV Charger that it recognized as other revenue. These are reported as non-business revenue, consistent with the annual financials for the calendar year.

**Statement Question 3 – 90 Day Payments**

This item includes all payments made from the various accounts of the debtors within 90 days before the applicable Petition Date except for those made to insiders (which appear in response to SOFA Item 4). The disbursement schedule includes the Company's total funding of payroll through its payroll provider, Paylocity. The Schedules do not include individual payroll amounts to employees.

**Statement Question 4 – Insider Payments**

The Debtors attempted to include all payments made on or within 12 months before the applicable Petition Date to any individual or entity deemed an "insider". The listing of a party as an insider is not intended to be nor should be construed as a legal characterization of such party as an insider.

**Statement Question 5 – Repossessions, foreclosures, and returns**

The Debtors listed all vehicles that were repossessed without the Debtors permission within 1 year before filing. The Debtors did not list any vehicles that creditors attempted to repossess that the Debtors decided to pay-off in full and satisfy all remaining obligations.

**Statement Question 7 – Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

The litigation listed in SOFA 7 relate to law suits and proceedings that were filed prior to the Petition Date. It does not include any legal actions that were initiated post petition and it does not include any claims or allegations, including the whistleblower allegations that may have been written to the U.S. Securities and Exchange Commission ("SEC") post-filing.

**Statement Question 10 – Certain Losses from Fire, Theft or Other Casualty**

The Debtors occasionally incur losses for a variety of reasons, including property damage

at various project sites caused by natural causes. The Debtors may not have complete records to all such losses to the extent such losses do not have material impact on the Debtors' business.

**Statement Question 13 – Transfers not already listed on this statement**

Occasionally, the Debtors will sell trailers that are worn down and can no longer be used by the Company or its field teams. As a way to minimize the Company's cost to dispose of these trailers, it will often sell them to employees for a minimal charge. The question includes the transactions that were recorded in the past year.

**Statement Question 20 – Off-premise storage**

The Debtors have included all storage units and warehouses that it pays to store equipment and materials related to projects. At times throughout projects, it may temporarily store equipment and materials at project sites while projects and installation are in progress.

**Statement Question 26d – Issuance of Financial Statements**

Collectively, the Debtors provided financial statements through its quarterly and annual public filings as required by the SEC. All of its financial statements and notices were easily accessible to the public and may have been provided in a consistent manner with financial institutions, creditors, and other parties that requested this information directly from the Debtors.

**Statement Question 29 – Former Officers, Directors, and Managing Members**

The former officers, directors, managing members, and other people in control are listed with their titles with their dates of service with the Debtors. Specifically, the start dates listed on SOFA 29 are based on each person's start date with the Company, not their start date in the respective position.

**Fill in this information to identify the case:**

Debtor: iSun Residential, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 24-11150

☐ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**
   ☒ None

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.
   ☒ None

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)
   ☒ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/1/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).
   ☒ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.
   ☒ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.
   ☒ None

### Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.
   ☒ None

| | |
|---|---|
| 8. | **Assignments and receivership**<br>List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.<br>☒ None |

| Part 4: | **Certain Gifts and Charitable Contributions** |
|---|---|

| | |
|---|---|
| 9. | **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**<br>☒ None |

| Part 5: | **Certain Losses** |
|---|---|

| | |
|---|---|
| 10. | **All losses from fire, theft, or other casualty within 1 year before filing this case.**<br>☒ None |

| Part 6: | **Certain Payments or Transfers** |
|---|---|

| | |
|---|---|
| 11. | **Payments related to bankruptcy**<br>List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.<br>☒ None |
| 12. | **Self-settled trusts of which the debtor is a beneficiary**<br>List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.<br>Do not include transfers already listed on this statement.<br>☒ None |
| 13. | **Transfers not already listed on this statement**<br>List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.<br>Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.<br>☒ None |

| Part 7: | **Previous Locations** |
|---|---|

| | |
|---|---|
| 14. | **Previous addresses**<br>List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.<br>☒ Does not apply |

| Part 8: | **Health Care Bankruptcies** |
|---|---|

| | |
|---|---|
| 15. | **Health Care bankruptcies**<br>Is the debtor primarily engaged in offering services and facilities for:<br>— diagnosing or treating injury, deformity, or disease, or<br>— providing any surgical, psychiatric, drug treatment, or obstetric care?<br>☒ No. Go to Part 9. |

| Part 9: | **Personal Identifiable Information** |
|---|---|

| | |
|---|---|
| 16. | **Does the debtor collect and retain personally identifiable information of customers?**<br>☒ No.<br>☐ Yes. State the nature of the information collected and retained. |

| 17. | **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?** |
|---|---|
| | ☒ No.  Go to Part 10. |
| | ☐ Yes.  Does the debtor serve as plan administrator? |

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| **Part 12:** | **Details About Environmental Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:
- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.
☒ No
☐ Yes.  Provide details below.

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**
☒ No
☐ Yes.  Provide details below.

24. **Has the debtor notified any governmental unit of any release of hazardous material?**
☒ No
☐ Yes.  Provide details below.

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

Debtor  iSun Residential, Inc.  
(Name)

Case number (if known) 24-11150

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
    Include this information even if already listed in the Schedules.

    ☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| SOLARCOMMUNITIES, INC.<br>442 US ROUTE 2<br>WATERBURY, VT  05676 | SOLAR ENERGY SERVICES AND INFRASTRUCTURE DEPLOYMENT | 45-4027316<br>**Date business existed**<br>From: 12/13/2011    To: PRESENT |

26. **Books, records, and financial statements**

    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ☐ None

| Name and address | Dates of service | |
|---|---|---|
| ALEX WELD<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 1/1/2022 | To 12/30/2022 |
| BILODEAU WELLS & CO., PC<br>20 MAIN STREET<br>P.O. BOX 687<br>ESSEX JUNCTION, VT  05453 | From 1/1/2022 | To PRESENT |
| CARRIE YANDOW<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 1/1/2022 | To PRESENT |
| CHRISTOPHER RENNER<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 1/1/2022 | To PRESENT |
| COLE ST. FRANCIS<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 1/1/2022 | To PRESENT |
| JENSEN DALY<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 5/22/2023 | To 8/9/2023 |
| JOHN SULLIVAN<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 1/1/2022 | To 3/28/2024 |
| MARK COLES<br>442 US ROUTE 2<br>WATERBURY, VT  05676 | From 11/29/2021 | To PRESENT |
| MICHELLE READ<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 11/30/2020 | To PRESENT |
| RACHEL BRANCO<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | From 1/4/2023 | To 5/3/2024 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| GALLAGHER, FLYNN & COMPANY, LLP<br>55 COMMUNITY DRIVE<br>SUITE 401<br>SOUTH BURLINGTON, VT  05403 | From 1/1/2022 | To PRESENT |
| MARCUM LLP<br>10 MELVILLE PARK ROAD<br>MELVILLE, NY  11747 | From 1/1/2022 | To PRESENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| BILODEAU WELLS & CO., PC<br>20 MAIN STREET<br>P.O. BOX 687<br>ESSEX JUNCTION, VT  05403 | |
| CHRISTOPHER RENNER<br>400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | |
| GALLAGHER, FLYNN & COMPANY, LLP<br>55 COMMUNITY DRIVE<br>SUITE 401<br>SOUTH BURLINGTON, VT  05403 | |
| MARCUM LLP<br>10 MELVILLE PARK ROAD<br>MELVILLE, NY  11747 | |
| MERRITT & MERRITT<br>60 LAKE STREET, 2ND FLOOR<br>PO BOX 5839<br>BURLINGTON, VT  05402 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

SEE GLOBAL NOTE

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ None

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

☐ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| ISUN, INC. | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | OWNER / SOLE SHAREHOLDER | 100% |
| JEFFREY PECK | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | DIRECTOR | |
| FREDERICK MYRICK, JR. | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | DIRECTOR | |
| ROB VANDERBEEK | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | INTERIM CHIEF FINANCIAL OFFICER/CHIEF RESTRUCTURING OFFICER | |
| CLAUDIA MEER | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | DIRECTOR | |
| STEWART MARTIN | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | DIRECTOR | |
| ANDREW MATTHY | 400 AVENUE D, SUITE 10<br>WLLISTON, VT  05495 | DIRECTOR | |
| JAMES MOORE | 442 US ROUTE 2<br>WATERBURY, VT  05676 | PRESIDENT | |
| H. KENNETH MERRITT, JR. | 60 LAKE STREET, 2ND FLOOR, PO BOX 5839<br>BURLINGTON, VT  05402 | SECRETARY | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ None

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| JOHN SULLVIAN | 400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | FORMER ISUN CFO | From  8/26/2019    To  3/28/2024 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| ROBERT ZULKOWSKI | 400 AVENUE D SUITE 10<br>WILLISTON, VT  05495 | FORMER CEO | From  3/11/2024   To  4/17/2024 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?
    ☒ None

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
    ☐ None

| Name of the parent corporation | Employer identification number of the parent corporation. |
|---|---|
| ISUN INC. | 47-2150172 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
    ☒ None

| Part 14: | Signature and Declaration |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/16/2024.

✗  /s/ ROB VANDERBEEK                                      ROB VANDERBEEK
   Signature of individual signing on behalf of the debtor     Printed Name

   CHIEF RESTRUCTURING OFFICER
   Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes