# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>    iSun, Inc., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 24-11144 (TMH)<br><br>(Jointly Administered)<br><br>**Re: D.I. 194** |

## ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1 AUTHORIZING AND DIRECTING THE PRODUCTION OF DOCUMENTS FROM THE DEBTORS

Upon consideration of the motion (the "Motion")[2] and any responses thereto, and after a hearing on the Motion; and upon the record thereof; and after due deliberation thereon; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iii) notice of the Motion was sufficient under the circumstances; and the Court having determined that good and sufficient cause having been shown; it is hereby;

**ORDERED THAT**:

1. The Motion is granted as set forth herein.

2. The Debtors are directed to promptly begin producing to the Committee all documents relating to the topics set forth on the Document Requests attached to the Motion as **Exhibit B** on a rolling basis, with such document production to be substantially completed by

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485);  (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

August 2, 2024 at 4:00 p.m. (ET), unless an alternative production schedule is consensually agreed to in writing by the parties.

3. In the course of its investigation, the Committee may identify additional persons or entities from which it requires oral examinations and/or document productions in relation to the Document Requests. Under such circumstances, the Committee is authorized to file a "Notice of Additional Entities Subject to Rule 2004 Examination" on the docket in the Bankruptcy Cases describing the documents sought from any Additional Rule 2004 Party and, following a meet and confer with such Additional Rule 2004 Party (which meet and confer shall take place no more than forty-eight (48) hours after the filing of such notice), the Committee shall be authorized, without further order of the Court, to issue subpoena(s) to the Additional Rule 2004 Party setting forth the date and time of the oral examination of and document production by such Additional Rule 2004 Party (which, absent further order of this Court or written agreement with such party, will set a date for production that is fourteen (14) days after service of the subpoena(s) and a date for oral examination that is no less than seven (7) days thereafter); *provided, however*, that such Additional Rule 2004 Party shall have five (5) days from the service of such subpoena to object to the relevance, scope, burden or procedure of the document requests included in such subpoena.

4. The Committee is further authorized to issue additional document requests to the Debtors and any Additional Rule 2004 Party pursuant to this order by filing a "Notice of Additional Document Production Request," which shall attach the additional document production requests. The Committee shall then serve the Debtors or Additional Rule 2004 Party, as applicable, who will have a production deadline of fourteen (14) calendar days from the date of service, without prejudice to the rights of the Debtors or the additional subpoenaed parties to object to the scope and relevance of the requests therein within five (5) days of the filing of the notice.

5. Pursuant to Bankruptcy Rules 2004(c) and 9016, the Committee may issue subpoenas to the Debtors or Additional Rule 2004 Parties to compel the production of documents.

6. Nothing in this Order shall be deemed to limit or restrict the Committee's right to seek further discovery or other additional examinations, including, but not limited to, under Bankruptcy Rule 2004 or in the context of contested matters.

7. The Committee is authorized to take all actions deemed necessary to effectuate the relief granted in this Order.

8. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to resolve any disputes arising under or related to this Order, including any discovery disputes that may arise between or among the parties, and to interpret, implement, and enforce the provisions of this Order.

**Dated: July 26th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**