**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>iSun, Inc., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11144 (TMH)<br><br>(Jointly Administered)<br><br>**RE: D.I. 65** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO THE SALE TO CLEAN ROYALTIES LLC**

The official committee of unsecured creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights (the "Reservation of Rights") to the *Debtors' Motion For Entry of Orders (A) (I) Approving Bid Procedures in Connection with the Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and a Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Enter into the Stalking Horse Agreement, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief; and (B) (I) Approving the Purchase Agreement; (II) Approving the Sale of Substantially all of the Debtors Assets Free and Clear; (III) Approving the*

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

*Assumption and Assignment of Contracts and Leases; and (IV) Granting Related Relief* [Dkt. No. 65] (the "Sale Motion")[2] seeking approval of the Sale Transaction to Clean Royalties, LLC ("Clean Royalties"). In support of this Reservation of Rights, the Committee respectfully states as follows:

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

1.      The Committee does not generally oppose the relief sought in the Sale Motion. While the Committee would have preferred competing bids to emerge through the sale process, they did not. The Committee is thus turning its focus to the preservation of all estate causes of action and the confirmation of a liquidating plan that provides for the monetization of those assets. This requires the payment of all administrative expenses. Based on the Committee's review of the latest DIP financing budget (the "DIP Budget"), the payment of such expenses is far from a certainty.

2.      The Committee has become aware that there may be material administrative expenses that are not accounted for in the DIP Budget, including postpetition rent and section 503(b)(9) claims. That means when the Sale closes and the music stops, the estate will have insufficient funds to pay those expenses or to prosecute a plan. This is not the settlement that the Committee agreed to in connection with the DIP financing and the sale procedures—the Committee settled under the premise that the DIP Budget would be sufficient to pay all administrative expenses through Sale close. As of this writing, however, that does not appear to be the case.

3.      The strain on the DIP Budget has been exacerbated since the Sale, which was originally slated to close no later than August 9, now will not close until August 23 (if that date

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion.

holds).  The Committee understands that the closing of the Sale has been extended to allow Clean Royalties to determine the contracts that will be assumed and assigned.  During this time, however, administrative expenses have continued to accrue, many of which were not anticipated in the DIP Budget.  While the Committee is currently working with the parties to reach a resolution, given the ramifications of administrative insolvency, the Committee is compelled to file this Reservation of Rights.

4.     Secured creditors are not permitted to use the Bankruptcy Code to obtain benefits greater than those they can obtain through Article 9 of the Uniform Commercial Code, while the debtor simultaneously incurs tax liabilities, financing obligations, trade debts, employee liabilities, and professional fees with no foreseeable path to repaying them.  *See In re Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (B.A.P. 9th Cir. 1992) (prohibiting "convert[ing] the bankruptcy process from one designed to benefit all creditors to one designed for the unwarranted benefit of the postpetition lender."); *In re Nova Wildcat Shurt-Line Holdings, Inc.*, No. 23-10114 (CTG) (Bankr. D. Del. 2023), Mar. 2, 2023 H'rg Tr. at 87:14-21 [Dkt. No. 212] ("if you're a secured creditor and want to invoke the bankruptcy process for the purpose of what will likely be maximizing the value of your collateral, you don't get to impose the costs of that on other people … you've got to pay the freight associated with [that] process … includ[ing] paying the expected administrative expenses [of the case] including[ing] reasonable committee fees").  These creditors must pay the freight of the chapter 11 process.

5.     The Committee raised this objection in connection with the approval of the DIP and the bid procedures and is now required to raise it again.  The Sale, which is required to account for the best interests of all creditors, will leave the estate insolvent and the Debtors and the Committee unable to confirm a plan.  *See Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp.*

*(In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) (noting that when determining whether a sound business justification supports a sale, courts should examine "all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike") (citing *Committee of Equity Security Holders v. the Lionel Corporation (In re the Lionel Corp.)*, 722 F.2d 1063 (2d Cir. 1983)).  If permitted, Clean Royalties and Decathlon will have effectuated a foreclosure that leaves the estates administratively insolvent.  The Debtors cannot conclusively prove otherwise.

6.      The Committee respectfully submits that this can be resolved.  The Debtors must quantify, with some reasonable certainty, what administrative claims exist, including those at entities other than iSun, Inc.  The DIP Budget must then be adjusted so that it accounts for those claims.  Absent a DIP Budget that establishes that the estates are administratively solvent through the closing of the Sale, the Sale Motion cannot be approved.

## RESERVATION OF RIGHTS

7.      Nothing contained herein shall constitute a waiver of any of the Committee's rights or remedies under the Bankruptcy Code or applicable law, including, without limitation the right to supplement this Reservation of Rights prior to or to otherwise assert additional objections to the Sale Motion.

Dated: August 9, 2024
Wilmington, Delaware

BENESCH, FRIEDLANDER,
        COPLAN & ARONOFF LLP

*/s/ Kevin M. Capuzzi*
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
Steven L. Walsh (DE No. 6499)
Juan E. Martinez (DE No. 6863)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: jhoover@beneschlaw.com
        kcapuzzi@beneschlaw.com
        swalsh@beneschlaw.com
        jmartinez@beneschlaw.com

-and-

Robert J. Gayda (*pro hac vice*)
Catherine V. LoTempio (*pro hac vice*)
Andrew J. Matott (*pro hac vice*)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile:  (212) 450-8421
Email:  gayda@sewkis.com
        lotempio@sewkis.com
        matott@sewkis.com

*Counsel to the Official Committee of Unsecured
Creditors*