IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>iSun, Inc., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 24-11144 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 504, 507 & 572** |

### JEFFREY PECK'S OBJECTION TO CONFIRMATION OF THE MODIFIED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF ISUN, INC., AND ITS DEBTOR AFFILIATES

Jeffrey Peck ("**Peck**") hereby files his objection to confirmation of the *Modified Joint Chapter 11 Plan of Liquidation of iSun, Inc. and its Debtor Affiliates* [Docket No. 504] (including all exhibits thereto and as may be amended, supplemented or otherwise modified from time to time, the "**Plan**") propounded by iSun, Inc. ("**iSun**") and its debtor affiliates (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and, in support thereof, respectfully states as follows:

### INTRODUCTION AND BACKGROUND

1. Prior to and as of the commencement of the Chapter 11 Cases on June 3, 2024 (the "**Petition Date**"), Peck served as iSun's Director, Chief Executive Officer, and President. Peck continued performing essential services in his role as iSun's CEO and Director during the Chapter

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801..

11 Cases, through the closing of the sale of the Debtors' assets to Clean Royalties, LLC, which occurred on August 26, 2024. (*See* Docket No. 414).

2.    In the months leading up to and during the Chapter 11 Cases, the Debtors deferred payment of Mr. Peck's salary.  On October 17, 2024,[2] Peck duly filed (a) a pre-petition claim against iSun for, among other things, accrued and unpaid wages and salary, of which $15,150 is entitled to priority under section 507(a)(4) of the Bankruptcy Code; and (b) an administrative expense request claim for accrued and unpaid wages and salary for services rendered during the Chapter 11 Cases in the amount of $72,338.22, which is entitled to administrative priority under section 503(b)(1)(A) of the Bankruptcy Code.  (*See* Claim Nos. 10146 and 30014).

3.    On October 4, 2024, the Plan Proponents filed the Plan and related Disclosure Statement with respect to the Plan [Docket No. 507] (the "**Disclosure Statement**").  Pursuant to the proposed Plan, priority wage claims fall within Class 3 (entitled, "Other Priority Claims") and are to be paid in full in cash on the effective date (or upon allowance of the claim).  Class 3 is thus designated unimpaired and presumed to accept the Plan. (*See* Plan at Art. III(C)(3)).  Furthermore, under the proposed Plan, allowed administrative claims are to be paid in full in cash on the effective date (or upon allowance of the claim, if not allowed as of the effective date), unless the holder of an allowed administrative claim agrees to less favorable treatment. (*See* Plan at Art. II(A)(1)).

4.    On November 5, 2024 (after the Bar Date), the Debtors filed a *Notice of Plan Supplement* [Docket No. 572], attaching, among other documents, a liquidation analysis in support of the Plan (the "**Liquidation Analysis**").  The Liquidation Analysis shows the Plan Proponents' projections for recoveries on claims in the Chapter 11 Cases versus a hypothetical liquidation under chapter 7 of the Bankruptcy Code.

---

[2]    The Court established October 17, 2024, as the bar date for filing general unsecured and administrative claims against the Debtors (the "**Bar Date**").

5. Importantly, the Liquidation Analysis reflects that there is an aggregate of $808,588.98 in filed priority unsecured claims, but no proceeds available for distribution to priority unsecured claims and 0% estimated recovery for such priority claims in connection with the Chapter 11 Cases, as well as in the hypothetical chapter 7 scenario. With respect to administrative claims, the Liquidation Analysis indicates that there are filed claims in the amount of $1,298,514.89 and estimated recovery of 100% for such claims, though Peck has been advised that there are insufficient funds in the estate to pay 100% of the allowed administrative claims.

6. Since the Liquidation Analysis was filed, Peck has made multiple inquiries to the Plan Proponents seeking clarification and/or evidence regarding the Plan's feasibility with respect to Peck's administrative and priority wage claims. Further, on November 26, 2024, Peck sent a draft of this objection to the Committee's counsel. The Plan Proponents extended Peck's objection deadline to December 3, 2024, and then again to December 4, 2024. However, Peck has yet to be provided with any evidence or documentation as to the Plan's feasibility, and his objection remains unresolved. Thus, Peck is compelled to file this "feasibility" objection to confirmation of the Plan for failure to satisfy sections 1129(a)(1), (a)(9) and (a)(11) of the Bankruptcy Code.

**OBJECTION**

7. To approve confirmation of a chapter 11 plan, the proponent of the plan must establish the requirements of section 1129(a) of the Bankruptcy Code, one of which is that "[t]he plan complies with the applicable provisions of [the Bankruptcy Code]." 11 U.S.C. § 1129(a)(1). Furthermore, the Plan must provide for payment of claims entitled to priority under section 507(a)(4) in full in cash on the effective date or via deferred payments aggregating the allowed amount of the claim. *See* 11 U.S.C § 1129(a)(9)(B). Moreover, the plan proponent must demonstrate that the chapter 11 plan is "feasible" pursuant to 11 U.S.C. § 1129(a)(11).

8.  In this case, on the face of the pleadings filed by the Plan Proponents in support of the Plan, the Plan fails to satisfy the requirements of section 1129(a)(4) and the "feasibility" requirement of section 1129(a)(11).  The Plan Proponent's own Liquidation Analysis indicates that there are $808,588.98 in filed priority unsecured claims (which includes Peck's priority claim in the amount of $15,150) that will not receive any distribution under the Plan.  Thus, based on the Plan Proponent's own analysis, the Plan is <u>not</u> feasible with respect to the treatment of Class 3 Claims ("Other Priority Claims), which contemplates payment of such claims in full as required by section 1129(a)(9).

9.  Furthermore, the Plan Proponents have failed to provide any information or evidence to demonstrate the Plan's "feasibility" with the payment of administrative claims, which are required to be paid in full.  There is no "feasibility analysis" in the Disclosure Statement or in any pleading filed in support of the Plan.  With respect to the funding for distributions for priority and administrative wages claims under the Plan, the Disclosure Statement merely provides that such distributions will be funded from the "Liquidation Trust Claims Reserve."  (*See* Disclosure Statement at p. 22).  The "Liquidation Trust Claims Reserve" is defined in the Plan as "the reserve established by the Debtors to satisfy in full all administrative Claims (other than Professional Fee Claims), Priority Tax Claims, Other Priority Claims, and Other Secured Claims." (Plan at Art. I (73)).

10.  The Plan Proponents fail to disclose or provide any evidence regarding (a) the amount of cash available to fund the Liquidation Trust Claims Reserve as of the Plan's contemplated effective date and (b) how such amount will be sufficient to satisfy allowed administrative and priority wage claims in full as required by the Plan and the Bankruptcy Code.

11. For the foregoing reasons, the Court should deny the confirmation of the Plan, unless and until the Plan Proponents discharge their burden to prove the Plan's feasibility with respect to administrative and priority claims, which they have thus far failed to do.

Dated: December 4, 2024
      Wilmington, Delaware     **COLE SCHOTZ P.C.**

*/s/ Jack M. Dougherty*
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
Email: jdougherty@coleschotz.com

-and-

Daniel F.X. Geoghan, Esq.
Mark Tsukerman, Esq.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 152-8000
Email: dgeoghen@coleschotz.com
       mtsukerman@coleschotz.com

*Counsel to Jeffrey Peck*