# **<u>EXHIBIT 1</u>**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iSun, Inc., *et al.*,[1] | Case No. 24-11144 (TMH) |
| Debtors. | (Joint Administered) |
| | **Docket Ref. No. 393** |

### STIPULATION AND SETTLEMENT RESOLVING DEBTORS' DEMAND FOR REIMBURSEMENT AND PAYMENT FROM PURCHASER

This stipulation and settlement (this "Stipulation") is entered into by and among (a) Clean Royalties, LLC ("Clean Royalties") and (b) iSun, Inc. and its affiliates, as debtors and debtors-in-possession (the "Debtors" and, together, the "Parties" and, each individually, a "Party"). The Parties hereby stipulate and agree as follows:

WHEREAS, the parties enter into this Stipulation to memorialize the resolution of a dispute arising out of the *Order (I) Approving the Sale of the Debtors' Assets Free and Clear; (II) Approving the Assumption and Assignment of Contracts and Leases; and (III) Granting Related Relief* [Dkt. No. 393] (the "Sale Order") and the Stalking Horse Agreement[2] attached thereto;

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Sale Order.

WHEREAS, pursuant to the Debtors' letter to Clean Royalties, dated December 27, 2024 (the "Demand Letter"), the Debtors demanded that Clean Royalties reimburse the Debtors for the following amounts:

a. $15,951.35 for certain severance obligations, 401(k) obligations, and paid time off obligations ("PTO") for a certain employee that was not hired by the Purchaser;

b. $5,000 related to a lease for certain premises located in New York, for which the subject lease was not assigned to the Purchaser (the "New York Lease"); and

c. $25,625 for certain project-related materials costs ("Materials").

WHEREAS, on December 30, 2024, Clean Royalties responded in turn as follows:

a. Clean Royalties had no obligation under the Sale Order or Stalking Horse Agreement to satisfy any severance obligation;

b. Clean Royalties had no obligations under the Sale Order or Stalking Horse Agreement to satisfy any 401(k) obligations;

c. Clean Royalties agreed to assume up to $600,000 of PTO under the Sale Order but, in fact, had already assumed, and given credit through roll-over of hired employees, over $719,000 of PTO and thus no PTO amounts was required to be paid to the Debtors;

d. At most, Clean Royalties was only responsible for $3,225 related to the New York Lease, the *per diem* rental amount from August 1 to August 5, the date that it advised the Debtors it would not seek to take assignment of the New York Lease; and

e. While Clean Royalties agreed to pay up to fifty percent (50%) of Project Administrative Expenses for projects that were not subject of an Assumed Contract, approximately 80% of the amounts asserted to be owed for Materials were either (i) outside of the definition of Project Administrative Expenses because those amount related to projects that were suspended or terminated pre-petition or (ii) Project Administrative Expenses related to projects that the Purchaser had assumed and would be paid by the Purchaser in the course of completing the projects under the terms of the Sale Order. Thus, Clean Royalties asserted that the amounts it owed the Debtors for the Materials were no greater than $5,000.

WHEREAS, the Parties have engaged in good faith discussions and, without waiving their respective positions, have reached an agreement to resolve the Demand as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, THAT:**

1. This Stipulation shall become effective upon Court approval (the "<u>Effective Date</u>").

2. Within five (5) business days of the Effective Date, Clean Royalties shall pay the estates by wire transfer the amount of $10,000 (the "<u>Payment</u>"). The Payment shall be paid to the iSun, Inc. estate for the administrative convenience of the Purchaser, but the Debtors and their estates shall be solely responsible for any allocation of the Payment among them.

3. Effective as of the Effective Date, but subject to Clean Royalties making the Payment, Clean Royalties and its direct and indirect parents, subsidiaries, affiliates, members, managers, officers and professionals (the "<u>Clean Royalties Parties</u>") shall have no further payment obligations to the Debtors and their estates under the Sale Order and Stalking Horse Agreement, and the Debtors and their estates (and any party claiming through them or on their behalf, whether directly or derivatively) shall conclusively, absolutely, unconditionally, irrevocably, and forever release and be deemed to have released the Clean Royalties Parties from any and all claims or causes of action of any kind whatsoever, whether known or unknown, asserted or not yet asserted, arising out of the Sale Order or Stalking Horse Purchase Agreement. The foregoing release shall be included as part of the order approving this Stipulation.

4. The Parties further agree that the United States Bankruptcy Court for the District of Delaware shall have exclusive jurisdiction over any dispute arising out of this Stipulation.

5. This Stipulation may not be modified, altered, or amended in whole or in part except by a written instrument executed by each Party.

[*Signature Page Follows*]

**STIPULATED AND AGREED TO ON January 8, 2025 BY:**

| | |
|---|---|
| */s/ Michael Busenkell* | */s/ Ryan M. Bartley* |
| **GELLERT SEITZ BUSENKELL & BROWN, LLC** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Michael Busenkell (No. 3933) | Ryan M. Bartley (No. 4985) |
| Michael Van Gorder (No. 6214) | Rodney Square |
| 1201 North Orange Street, Suite 300 | 1000 North King Street |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19801 |
| | |
| *Counsel to the Debtors* | *Counsel to Clean Royalties, LLC* |