IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| iSun, Inc., *et al.*, | Case No. 24-11144 (TMH)<br>(Jointly Administered) |
| Debtors.[1] | Related to Docket Nos. 645 and 663 |

**ORDER GRANTING DEBTORS' MOTION TO CONVERT THESE CHAPTER 11 CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order converting these Debtors' cases to cases under chapter 7 of the Bankruptcy Code, approving the Conversion Procedures, and granting related relief;[2] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the venue of the chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157; and this Court having determined the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) iSun, Inc. ("iSun") (0172) (ii) Hudson Solar Service, LLC ("Hudson") (1635); (iii) Hudson Valley Clean Energy, Inc. ("Hudson Valley") (8214); (iv) iSun Corporate, LLC ("iSun Corporate") (4391); (v) iSun Energy, LLC ("iSun Energy") (1676); (vi) iSun Industrial, LLC ("iSun Industrial") (4333); (vii) iSun Residential, Inc. ("iSun Residential") (3525); (viii) iSun Utility, LLC ("iSun Utility") (4411) ; (ix) Liberty Electric, Inc. ("Liberty") (8485); (x) Peck Electric Co. ("Peck") (5229); (xi) SolarCommunities , Inc. ("SolarCommunities") (7316); and (xii) Sun CSA 36, LLC ("Sun CSA") (7316); (collectively referred to as the "Debtors"). The Debtors' mailing address is: 400 Avenue D, Suite 10 Williston, Vermont 05495, with copies to Gellert Seitz Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

11334847.v2

is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. These cases shall be immediately converted to cases under chapter 7 of the Bankruptcy Code upon entry of this Order.

3. The requirement of Bankruptcy Rule 2002(a)(4) to serve a request for conversion of a case to another chapter upon all of a debtor's creditors is hereby waived. Notice of this Motion was adequate, and no other or further notice is necessary.

4. The Conversion Procedures, as set forth in the Motion, are hereby approved.

5. In accordance with Paragraphs 19 and 20 of the Sale Order, the Debtors retained and segregated $350,000 of sale proceeds (the "Carve Out Amount") for purposes described in the Wind-Down Term Sheet (as defined in the Sale Order), and in the event of a conversion of the Debtors Chapter 11 cases, any remaining amount of the Carve Out Amount shall be used solely to pay allowed fees and costs to pursue confirmation of the plan and establishment of the liquidation trust contemplated in the Wind-Down Term Sheet ("Plan-Related Expenses"), with any remaining amount returned to Decathlon. To date, with the consent of Decathlon, the Debtors and the Official Committee of Unsecured Creditors, the Debtors have paid $117,802.50 to satisfy Plan-Related Expenses and have returned $50,000 of the Carve Out Amount to Decathlon, leaving $182,197.50 of the Carve Out Amount on hand. The Debtors shall retain and use an additional $105,876.23 of the Carve Out Amount to satisfy additional Plan-Related

2

Expenses. The Debtors shall immediately return $76,321.27 and any other remaining amounts of the Carve Out Amount to Decathlon.

6. Subject to its compliance with Local Rules 2002-1(f)(x)-(xi), on the Conversion Date, Epiq shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' Chapter 11 Cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' Chapter 11 Cases or the chapter 7 cases.

7. A representative of the Debtors, and, if so requested by the chapter 7 trustee, counsel to the Debtors in these cases, shall appear at the meeting of creditors pursuant to Section 341(a) and 343 of the Bankruptcy Code, and such representative of the Debtors shall be available to testify at such meeting of creditors.

8. Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify any order of this Court (or documents related thereto) entered during the Chapter 11 Cases.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

SK 38848 0013 11589137 v2

**Dated: January 27th, 2025**  **THOMAS M. HORAN**
**Wilmington, Delaware**  **UNITED STATES BANKRUPTCY JUDGE**